NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZEWEN GUO, | No. 19-72473 |
| Petitioner, | Agency No. A205-185-065 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Zewen Guo, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the adverse credibility determination based on Guo's lack of corroborating evidence and omissions regarding the police's continued search for Guo and the police's beating of other house church members. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Zamanov v. Holder*, 649 F.3d 926, 973-74 (9th Cir. 2011) (petitioner's omissions supported adverse credibility determination where they did not constitute "a mere lack of detail" but "went to the core of his alleged fear"). Guo's explanations do not compel a contrary conclusion. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (agency not compelled to accept explanations for discrepancies). Substantial evidence also supports the finding that Guo did not present sufficient evidence that would independently establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to independently support claim).

In the absence of credible testimony, in this case, Guo's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156

2                                                           19-72473

(9th Cir. 2003).

Substantial evidence also supports the BIA's denial of Guo's CAT claim because it was based on the same evidence found not credible, and Guo does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49. We do not consider the materials Guo references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

In light of this disposition, we do not reach Guo's remaining contentions regarding the merits of his asylum, withholding of removal, and CAT claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**